STOEL RIVES LLP
Joshua G. Gigger, UT # 12100
josh.gigger@stoel.com
201 S Main Street, Suite 205
Salt Lake City, UT  84111
Telephone:  801.328.3131
Facsimile:  801.578.6999

*Attorney for Plaintiff K'lani.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| K'LANI, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>MOUNTAIN GIRL WAY, LLC,<br><br>              Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>Case No.  2:26-cv-00590<br><br>Judge:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff K'lani, LLC ("K'lani"), by and through counsel, hereby files this complaint for Declaratory Judgment of Non-Infringement and Invalidity, Tortious Interference, and violation of Utah's Distribution of Bad Faith Patent Infringement Letters Act against Defendant Mountain Girl Way, LLC ("Defendant"), as follows:

### THE PARTIES

1.      K'lani is a Utah limited liability company with its principal place of business in Lehi, Utah.

153209287.6 0085607-00001

2.      K'lani was founded in January 2021 by two entrepreneurs based in Utah.  The concept was born when one of the founders, frustrated by the fragility of a traditional braided bracelet, noticed the plain black hair tie sitting on her wrist beside it and wondered why a bracelet could not be both stylish and as functional as a hair tie.  Their solution was the hair tie bracelet.

3.      Over a period of nine and a half months, the founders worked with manufacturing partners to design, test, and refine their hair tie bracelet concept until it matched their vision.

4.      Today, K'lani hair tie bracelets are sold in thousands of retail stores across the United States and in Canada.  The founders are also committed to giving back to the community and have regularly donated proceeds and products to a variety of charities.

5.      Upon information and belief, Defendant is a Tennessee limited liability company with its principal place of business in Nashville, Tennessee.

6.      Public records indicate that Defendant was administratively dissolved in approximately 2020 and remained inactive for several years.  Ex. A.  Upon information and belief, Defendant was reinstated in or around May 2026.  *Id.*

2

153209287.6 0085607-00001

7.      Upon information and belief, Defendant does not currently manufacture, market, or sell any products.

8.      Upon information and belief, Defendant's most recent "business" activity was sending cease-and-desist letters to NHN Global (the "Takedown Letter"), the parent company of wholesale platform FashionGo, and to K'lani directly (the "Cease-and-Desist Letter" and, together with the Takedown Letter, the "Demand Letters").  Exs. B and C.  The Demand Letters contain allegations that K'lani's products infringe Defendant's intellectual property and demand that K'lani cease all sales of the allegedly infringing products.

## **JURISDICTION AND VENUE**

9.      K'lani realleges and incorporates the preceding paragraphs of this Complaint.

10.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338 as it involves claims relating to patents and 28 U.S.C. § 1331 as it involves a federal question.

11.     This Court further has jurisdiction over this complaint for declaratory judgment under at least 28 U.S.C. § 2201 and § 2202.  The Court also has jurisdiction under 28 U.S.C. § 1332 as the action is between citizens of different states such that

3

there is complete diversity between the parties, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

12.     Defendant's Takedown Letter triggered the removal of K'lani's listings, directly affecting K'lani's sales and activities in Utah.  Ex. D.

13.     This Court has specific personal jurisdiction under Utah's long-arm statute, Utah Code Ann. § 78B-3-205, because, on information and belief, (1) Defendant has transacted business within Utah; (2) Defendant has supplied services or goods in Utah; (3) Defendant has caused injury within Utah through its conduct that give rise to this Complaint; and (4) jurisdiction based on Defendant's contacts with Utah (including, but not limited to, its operation of websites and/or sales of goods or services) is not inconsistent with the Constitution of the State of Utah or the Constitution of the United States.

14.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as Defendant has directed the threats of patent infringement complained of herein in this District and the alleged acts, omissions, and events giving rise to Defendant's allegations and K'lani's causes of action occurred within or were directed to this District.

4

153209287.6 0085607-00001

GENERAL ALLEGATIONS

15.    K'lani realleges and incorporates the preceding paragraphs of this Complaint.

16.    Upon information and belief, Defendant owns the rights, title, and interest to United States Patent No. 10,856,636 (hereinafter the "'636 Patent") entitled "PONYTAIL SECURING DEVICE".  Ex. E.

17.    Based on the publicly available information at the USPTO, Defendant does not hold any active federal trademark registrations.

18.    Based on the publicly available information at the USPTO, Defendant applied to register the mark FÖTYE (Serial No. 88307499), which was abandoned on March 9, 2020 for failure to file a statement of use.  Ex. F.

19.    Based on the publicly available information at the USPTO, Defendant applied to register the mark PONYTIEZ (Serial No. 90328141), which was abandoned on June 7, 2022 for failure to respond to an Office Action.  Ex. G.

20.    Based on the publicly available information at the USPTO, Defendant filed a second application for PONYTIEZ (Serial No. 97652618), which was

5

153209287.6 0085607-00001

likewise abandoned on December 28, 2023, for failure to respond to an Office Action.  Ex. H.

21.    Based on the publicly available information from the Tennessee Secretary of State, Defendant does not hold any active Tennessee state trademark registrations.  Ex. I.

22.    Defendant, through its counsel at Cross & York, LLC, sent the Takedown Letter to NHN Global, the parent company of wholesale platform FashionGo, on May 21, 2026.  Ex. B.

23.    In the Takedown Letter, Defendant accused K'lani of infringing the '636 Patent and alleged that K'lani's products:

"(1) replicate the patented structure, features, and operation protected under Defendant's patent rights;

(2) use confusingly similar branding, packaging, and/or naming likely to mislead consumers;

(3) trade upon the goodwill and reputation established by Defendant; and

(4) cause ongoing monetary damage, market dilution, lost investment opportunities, and consumer confusion."

Ex. B.

6

24.   On May 21, 2026, Defendant sent the Cease-and-Desist Letter, which was nearly identical to the Takedown Letter, to K'lani.  Ex. C.

25.   In the Cease-and-Desist Letter, Defendant accused K'lani of infringing the '636 Patent and alleged that K'lani's products:

"(1) replicate the patented structure, features, and operation protected under Defendant's patent rights;

(2) use confusingly similar branding, packaging, and/or naming likely to mislead consumers;

(3) trade upon the goodwill and reputation established by Defendant; and

(4) cause ongoing monetary damage, market dilution, lost investment opportunities, and consumer confusion."

Ex. C.

26.   In the Cease-and-Desist Letter, Defendant threatened K'lani with filing a suit in federal court seeking "temporary restraining orders and permanent injunctive relief," "seizure and destruction of infringing inventory," "recovery of actual damages, lost profits, disgorgement of your profits, treble damages where permitted, attorneys' fees, costs, and interest," and "any additional relief the Court deems just and proper."  Ex. C.

153209287.6 0085607-00001

## FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 10,856,636)

27.    K'lani realleges and incorporates the preceding paragraphs of this Complaint.

28.    Defendant purports to be the owner of the '636 Patent.

29.    Defendant has accused K'lani of infringing the '636 Patent.

30.    K'lani's products lack one or more limitations required by independent claims 1 and 8 (and their respective dependent claims), certain of which are discussed in the ensuing paragraphs.

31.    None of K'lani's products include a singular elastic strand "wound about a single axis to form a concentric plurality of hollow loops, said loops being substantially equal in diameter . . . ." (quoting claim 1).  All of K'lani's products are hand-made such that any loops would be formed around multiple axes, and not a shared common axis as required by all claims of the '636 Patent.

32.    None of K'lani's products include an elastic strand "dyed to a color matching a color of human hair" as required by claims 1-7 of the '636 Patent.

33.    None of K'lani's products include "at least one fastener-holding said concentric loops together to form a singular annular shape" as required by claims 8-

153209287.6 0085607-00001

12 of the '636 Patent.  None of the products include any such fastener as taught and described by the '636 Patent.

34.    K'lani has not and does not directly, indirectly, contributorily, and/or by inducement infringe any valid and enforceable claim of the '636 Patent.

35.    An actual and justiciable controversy exists between K'lani and Defendant regarding the alleged infringement of the '636 Patent.

36.    K'lani is entitled to a declaration that it does not infringe any valid and enforceable claim of the '636 Patent.

37.    Accordingly, K'lani is entitled to a judicial declaration that it has not infringed the '636 Patent.  A judicial determination of the dispute recited above is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '636 Patent.

## SECOND CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF INVALIDITY OF UNITED STATES PATENT NO. 10,856,636)

38.    K'lani realleges and incorporates the preceding paragraphs of this Complaint.

39.    This claim is for a declaratory judgment of invalidity relating to the '636 Patent.

9

153209287.6 0085607-00001

40. All claims of the '636 Patent are invalid for failing to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

41. All claims of the '636 Patent are invalid at least for failing to satisfy the enablement and/or written description requirement under 35 U.S.C. §112(a) or for failing to satisfy the definiteness requirement under 35 U.S.C. §112(b) as further described herein.

42. All claims specify the elastic strand as having a diameter of "0.25 mm to 1.5 mm," but the specification provides only one example closed range of "0.1 mm to 1.5 mm," and two other examples of "less than 1 mm and most preferably approximately 0.7 mm." There is no explicit or implicit written description support for the claimed range.

43. All claims require an elastic strand "wound about a single axis to form a concentric plurality of hollow loops, said loops being substantially equal in diameter. . . ." There is no description in the specification supporting the concept of winding the elastic strand about a single axis. Indeed, the specification does not mention the word "axis" at all. Similarly, there is no description supporting what

10

the term "substantially equal" entails, thereby rendering the claim vague and indefinite.

44.     Claims 1-7 describe that the strand is "dyed to a color matching a color of human hair" but the written description does not provide any information to determine the scope and meaning of this limitation.  The claim is vague and/or ambiguous as to whether the scope covers only natural hair colors or includes artificially dyed hair, or how to assess whether a product dyed to any specific color matches "a color of human hair."  The metes and bounds of these claims cannot be determined.

45.     Claims 8-12 describe that the elastic strand is "stretchable to at least twice its relaxed length."  The written description only describes that the strand can stretch from 1.5 to 5 times its relaxed length.  The claim language however is open ended and results in a claim scope that far exceeds the upper limit disclosed in the specification.  The specification does not support the full breadth of the claim scope.  As such, the claims as written therefore fail to satisfy the written description and/or enablement requirements under 35 U.S.C. § 112(a).

46.     K'lani is entitled to a declaratory judgment that the asserted claims of the '636 Patent are invalid.

153209287.6 0085607-00001

## THIRD CAUSE OF ACTION
### (DECLARATORY JUDGMENT FAILURE TO MARK UNDER 35 U.S.C. § 287)

47.     K'lani realleges and incorporates the preceding paragraphs of this Complaint.

48.     Under 35 U.S.C. § 287(a), a patentee who makes, offers for sale, or sells a patented article must mark that article with the applicable patent number.

49.     In the Takedown Letter and Cease-and-Desist Letter, Defendant represents that it is "the owner of valuable intellectual property rights relating to a proprietary hair product and associated branding that has been lawfully developed, protected, and commercialized by our client."  Exs. B, C.  These representations imply that Defendant manufactures, markets, or sells a product that practices the '636 Patent.

50.     On information and belief, Defendant does not manufacture, market, or sell any product.  Therefore, Defendant has never placed a product bearing the '636 Patent number into the stream of commerce.

51.     An actual and justiciable controversy exists between K'lani and Defendant as to whether Defendant has commercialized any product practicing the

153209287.6 0085607-00001

'636 Patent and whether Defendant has complied with the marking requirements of 35 U.S.C. § 287(a).

52.    K'lani is entitled to a declaration that Defendant has not commercialized any product practicing the '636 Patent and that Defendant has failed to comply with the marking requirements of 35 U.S.C. § 287(a).

## FOURTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF DEFENDANT'S MARKS)

53.    K'lani realleges and incorporates the preceding paragraphs of this Complaint.

54.    Defendant purports to have rights in the branding, packing, and/or naming.

55.    Despite claiming that K'lani's products cause "market dilution" and "lost investment opportunities," Defendant fails to reference a single product that Defendant itself offers or has ever offered for sale.

56.    Defendant does not currently and has not offered any product for sale, whether covered by the '636 Patent or otherwise.

57.    Defendant does not own registrations for a mark either federally or in Tennessee.

13

58.     K'lani has not and does not infringe any valid and enforceable mark owned by Defendant.

59.     An actual and justiciable controversy exists between K'lani and Defendant regarding the alleged infringement of Defendant's purported marks.

60.     K'lani is entitled to a declaration that it does not infringe any valid and enforceable marks owned by Defendant.

61.     K'lani is also entitled to a declaration that Defendant does not own any valid and enforceable marks.

62.     Accordingly, K'lani is entitled to a judicial declaration that it has not infringed Defendant's purported marks and that Defendant does not own any valid and enforceable marks.  A judicial determination of the dispute recited above is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to Defendant's purported marks.

## FIFTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS)

63.     K'lani realleges and incorporates the preceding paragraphs of this Complaint.

14

153209287.6 0085607-00001

64.    K'lani had existing and prospective economic relationships with FashionGo and its wholesale customers through FashionGo's platform, through which K'lani marketed and sold its hair tie bracelets.

65.    Defendant knew of K'lani's economic relationships with FashionGo and its wholesale customers.  The Takedown Letter specifically identified K'lani by name and targeted K'lani's product listings on the FashionGo platform.

66.    Defendant intentionally interfered with K'lani's economic relationships by sending the Takedown Letter to FashionGo, which demanded that FashionGo remove K'lani's product listings from its platform based on unfounded allegations of patent and trademark infringement.  As a direct result of the Takedown Letter, FashionGo removed K'lani's listings.

67.    Defendant's interference was accomplished through improper means. The Takedown Letter asserted patent infringement without identifying which claims of the '636 Patent were allegedly infringed and without providing any claim chart or infringement analysis relating to any allegedly infringing products sold by or on behalf of K'lani.  The Takedown Letter also asserted unspecified trademark rights despite Defendant holding no active federal or state trademark registrations.  These

153209287.6 0085607-00001

baseless assertions of intellectual property rights constitute conduct contrary to law and established legal standards.

68.    As a direct and proximate result of Defendant's tortious interference, K'lani has suffered damages, including lost sales and revenue from the removal of its product listings on FashionGo, harm to its wholesale customer relationships, and loss of prospective business opportunities.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF UTAH'S DISTRIBUTION OF BAD FAITH PATENT INFRINGEMENT LETTERS ACT (THE "ACT") UTAH CODE ANN. § 78B-6-1904)

69.    K'lani realleges and incorporates the preceding paragraphs of this Complaint.

70.    K'lani is a "target" within the meaning of the Act because K'lani is a Utah-based entity that received a written communication asserting patent infringement.  Utah Code Ann. § 78B-6-1904.  K'lani is also a person aggrieved by Defendant's violation.

71.    Defendant is a "sponsor" within the meaning of the Act because Defendant, through its counsel, distributed written communications asserting patent infringement.  Utah Code Ann. § 78B-6-1903.

153209287.6 0085607-00001

72.    Defendant distributed two qualifying "demand letters" within the meaning of the Act:

      a.    The Takedown Letter, dated May 21, 2026, sent to NHN Global as the parent company of wholesale platform FashionGo, which asserted that K'lani's products infringed the '636 Patent and demanded that FashionGo remove K'lani's product listings from its platform; and

      b.    The Cease-and-Desist Letter, dated May 21, 2026, sent directly to K'lani, which asserted that K'lani's products infringed the '636 Patent and demanded that K'lani cease and desist from selling its hair tie bracelets.

73.    The Demand Letters were directed at K'lani, a Utah entity, and at a third-party platform on which K'lani's products were sold. The Demand Letters therefore fall squarely within the scope of the Act and do not fall within any exclusion set forth in Utah Code Ann. § 78B-6-1904.

74.    Defendant's assertions of patent infringement in the Demand Letters were made in bad faith for the following reasons:

      a.    Failure to identify infringed claims. The Demand Letters did not identify any specific claim of the '636 Patent that K'lani's products allegedly infringed. Utah Code Ann. § 78B-6-1903.

      b.    Failure to provide infringement analysis. The Demand Letters did not include a claim chart or any analysis comparing the limitations of any claim of the '636 Patent to K'lani's products. Utah Code Ann. § 78B-6-1903.

153209287.6 0085607-00001

    c.    Failure to identify the allegedly infringing products with specificity. The Demand Letters did not identify which of K'lani's allegedly infringing products with sufficient detail, such as model name, model number, or other identifying indicia, to allow K'lani to assess the merits of the assertion. Utah Code Ann. § 78B-6-1903.

    d.    False or misleading statements. The Demand Letters falsely asserted unspecified trademark rights and falsely implied that Defendant has "lawfully developed, protected, and commercialized" a "proprietary hair product." As alleged above, Defendant does not own any active federal or state trademark registrations, and Defendant does not manufacture, market, or sell any product. Utah Code Ann. § 78B-6-1903.

    e.    Unreasonable deadlines. The Takedown Letter demanded compliance within 10 calendar days of receipt, a period that is unreasonably short given the complexity of the patent and trademark claims asserted. Utah Code Ann. § 78B-6-1903.

75.    The mitigating factors set forth in Utah Code Ann. § 78B-6-1903(3)(a)–(d) are not present here. Defendant has not made a substantial investment in the use of the '636 Patent, did not engage in good-faith efforts to negotiate, and failed to provide the missing infringement analysis as specified in Paragraph 74.

76.    As a direct and proximate result of Defendant's bad faith assertions of patent infringement, K'lani has suffered injury, including the removal of its product listings from the FashionGo platform, lost sales, harm to its wholesale customer relationships, and the costs of responding to Defendant's baseless demands.

153209287.6 0085607-00001

77.    K'lani is entitled to equitable relief, actual damages, costs and reasonable attorney fees, and punitive damages of up to the greater of $50,000 or three times the total of damages, costs, and fees, pursuant to Utah Code Ann. § 78B-6-1904.

## PRAYER FOR RELIEF

WHEREFORE, K'lani prays for the following relief:

A. The Court enter a judgment declaring that the '636 Patent is not infringed by K'lani;

B. The Court enter a judgment declaring that Defendant does not hold any valid or enforceable marks;

C. In the event the court find that Defendant does hold a valid and enforceable mark, the Court enter a judgment declaring that K'lani does not infringe any of Defendant's purported marks.

D. The Court enter a judgment that Defendant tortiously interfered with K'lani's business by submitting its Takedown Notice with unfounded assertions of patent and trademark infringement.

E. The Court enter a judgment that Defendant has violated Utah's Distribution of Bad Faith Patent Infringement Letters Act.

153209287.6 0085607-00001

F. The Court enter an injunction against Defendant, under 15 U.S.C. § 1117 and Utah Code Ann. § 78B-6-1904(1)(b)(i), enjoining Defendant from submitting additional takedown requests on based on the claims in the Takedown Letter and retract the letter sent to FashionGo.

G. The Court award K'lani damages for Defendant's tortious interference and violation of the Act, under Utah Code Ann. § 78B-6-1904(1)(b)(ii);

H. The Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 that entitles K'lani to an award of its reasonable attorneys' fees or alternatively, award attorneys' fees under Utah Code Ann. § 78B-6-1904(1)(b)(iii);

I. K'lani be awarded its costs of suit, pursuant to Utah Code Ann. § 78B-6-1904(1)(b)(iii);

J. K'lani be awarded pre-judgment interest; and

K. K'lani be awarded punitive damages, pursuant to Utah Code Ann. § 78B-6-1904(1)(b)(iv);

L. K'lani be awarded such further legal and equitable relief as the Court may deem just.

153209287.6 0085607-00001

## JURY DEMAND

K'lani hereby demands a trial by jury on any matters so triable.

DATED:  June 26, 2026   Respectfully Submitted,

          STOEL RIVES LLP


          /s/ *Joshua G. Gigger*
          Joshua G. Gigger

          *Attorney for Plaintiff K'lani, LLC.*

153209287.6 0085607-00001